IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS W. HYSELL,

    Plaintiff,                    No. CIV S-05-0729 MCE KJM P

    vs.

J. WOODFORD, et al.,

    Defendants.                ORDER

                                /

          Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has paid the appropriate filing fee. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

          A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6        A complaint, or portion thereof, should only be dismissed for failure to state a
7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8  of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
9  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15       Plaintiff claims defendants have violated his rights arising under the Eighth
16 Amendment, Fourteenth Amendment and the Americans with Disabilities Act, by failing to
17 house plaintiff in a cell by himself. Because plaintiff's allegations are vague, conclusory or
18 because plaintiff misinterprets federal law, plaintiff's complaint fails to state a claim upon which
19 relief can be granted. Plaintiff's complaint must be dismissed. The court will, however, grant
20 leave to file an amended complaint.

21       Plaintiff should keep in mind the following when drafting his amended complaint.
22 Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must
23 give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community
24 Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In his amended complaint, plaintiff must
25 allege with at least some degree of particularity those overt acts which defendants engaged in that
26 support plaintiff's claims. Id.

1   If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
3 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms
4 how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless
5 there is some affirmative link or connection between a defendant's actions and the claimed
6 deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
7 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory
8 allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of
9 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10   The Eighth Amendment's prohibition on cruel and unusual punishment imposes
11 on prison officials, among other things, a duty to "take reasonable measures to guarantee the
12 safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer,
13 468 U.S. 517, 526-27 (1984)). To prove an Eighth Amendment claim for failure to protect an
14 inmate from violence, the inmate must show that he was incarcerated under conditions posing a
15 "substantial risk of serious harm," and that a prison official displayed "deliberate indifference" to
16 that risk. Id. at 834. A prison official displays deliberate indifference to inmate-on-inmate
17 violence when he is "both aware of facts from which the inference could be drawn that a
18 substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

19   Plaintiff is informed that the Americans with Disabilities Act does not require,
20 under the facts of this case, that plaintiff be celled alone. Persons covered by the ADA are:

> individual[s] with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meet . . . the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131. Assuming plaintiff's disability is that he is mentally ill, plaintiff still is not
covered by the ADA in this instance because he is not seeking participation in a "program" or

3

"activity," or the "receipt of services." See Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998) (prison related "programs," "services," or "activities" under 42 U.S.C. § 12131 include, for example, recreational activities, medical services, educational programs and vocational programs). Even if being singled-celled could loosely be described as a program or activity from which plaintiff is denied participation, or a service which plaintiff does not receive, plaintiff is not being denied participation or the receipt of services because of his purported disability. Therefore, plaintiff fails to state a claim upon which relief can be granted under the ADA. See Weinreich v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (to state a claim under the ADA, plaintiff must assert, among other things, that his disability is the reason he is excluded from participation in a program or activity, or denied a service).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court notes that plaintiff has filed a motion in which plaintiff seeks a temporary restraining order and preliminary injunction. In light of the fact that the court is dismissing plaintiff's complaint, and therefore there are no claims or defendants presently before the court, plaintiff's motion for a temporary restraining order and preliminary injunction will be denied without prejudice. See Local Rule 65-231(c).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal

1  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
2  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
3  an original and two copies of the amended complaint; failure to file an amended complaint in
4  accordance with this order will result in a recommendation that this action be dismissed.

5        3.  Plaintiff's April 14, 2005 "motion for a TRO and preliminary injunction" is
6  denied without prejudice.

7  DATED: March 28, 2006.

                        _____
                        UNITED STATES MAGISTRATE JUDGE

14  1
hyse0729.14