IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS W. HYSELL,

      Plaintiff,                      No. CIV S-05-0729 MCE KJM P

     vs.

J. WOODFORD, et al.,

      Defendants.               ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed under 42 U.S.C. § 1983. By order filed March 29, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

      As noted in a previous order in this case, a claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989);

1

1 Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a
2 claim as frivolous where it is based on an indisputably meritless legal theory or where the factual
3 contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a
4 constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See
5 Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

6          A complaint, or portion thereof, should only be dismissed for failure to state a
7 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
9 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15          The allegations in plaintiff's amended complaint still fail to state a claim upon
16 which relief can be granted.  Plaintiff's allegations either are vague or fail to state a federal cause
17 of action.  The court will dismiss plaintiff's complaint, but will grant plaintiff leave to file a
18 second amended complaint.

19          After reviewing plaintiff's amended complaint, to the extent its claims can be
20 construed, it appears the only possible cause of action plaintiff may have is against specific
21 California Department of Corrections and Rehabilitation officials for failing to provide plaintiff
22 with adequate mental health care due to overcrowding.  See Compl. at 6:9-16.  If plaintiff
23 chooses to file a second amended complaint asserting a similar claim, plaintiff must allege in
24 specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.
25 § 1983 unless there is some affirmative link or connection between a defendant's actions and the
26 claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

(9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has filed a motion entitled "motion for a TRO and preliminary injunction."  Because the court has not "screened in" any defendants at this point, nor is there an operative complaint, preliminary injunctive relief is not appropriate.  Under Local Rule 65-231 the court cannot order preliminary injunctive relief without a complaint.  <u>See also</u> <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 112 (1969).  The court will deny plaintiff's motion.  Plaintiff may re-file a motion for preliminary injunctive relief after the court orders service of process with respect to at least one defendant.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a

1  recommendation that this action be dismissed.

2       3. Plaintiff's April 25, 2006 "motion for a TRO and preliminary injunction" is
3  denied.

4  DATED: March 28, 2007.

_____
U.S. MAGISTRATE JUDGE

8  1
hyse0729.1(4.25.06)