IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS W. HYSELL,

      Plaintiff,                              No. CIV S-05-0729 MCE KJM P

    vs.

J. WOODFORD, et al.,

      Defendants.                     <u>FINDINGS AND RECOMMENDATIONS</u>

/

        Plaintiff is a state prisoner proceeding pro se under 42 U.S.C. § 1983.  By order filed March 29, 2007, plaintiff's amended complaint was dismissed with leave to file a second amended complaint.  Plaintiff has now filed a second amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

/////

/////

1

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his second amended complaint plaintiff asserts that, due to his mental condition, he must remain in a cell by himself.  Plaintiff does not present anything suggesting any defendant did anything that caused plaintiff to be housed with another prisoner.  At most, some of the defendants recommended that plaintiff be double celled.  None of these recommendations have been followed by the person who ultimately decides whether plaintiff will actually be double celled.

The Eighth Amendment's prohibition on cruel and unusual punishment imposes on prison officials, among other things, a duty to "take reasonable measures to guarantee the safety of the inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk.  Id. at 834.

In plaintiff's second amended complaint, plaintiff has not alleged facts suggesting that a recommendation that plaintiff be double celled by itself constitutes deliberate indifference to plaintiff's mental state or that a simple recommendation for double celling constitutes a substantial risk of serious harm.  Considering the above, and that plaintiff has already been given

/////

two opportunities to present a cognizable claim, the court will recommend that this action be dismissed for failure to state a claim upon which relief can be granted.

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 9, 2008.

_____
U.S. MAGISTRATE JUDGE

---

1
hyse0729.frs(5.25.07)